PEARLIE MIMMS v. THE STATE.

No. 2662. Decided June 15, 1904.

**Information—Name of County Attorney.**

Where an information states a different name in the beginning of the information to the one at its close, and it appears to all reasonable intendment and certainty, when construed with the affidavit, that this was an inadvertence and the correct name appears at the concluding part of the information, the same is good on motion to quash.

Appeal from the County Court of Falls. Tried below before Hon. W. E. Hunnicut.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and twelve months confinement in the county jail.

No statement necessary.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State, cited Arbuthnot v. State, 34 S. W. Rep., 269.

BROOKS, Judge.—This conviction was for aggravated assault, the punishment being a fine of $25 and twelve months in jail. The information is as follows: "In the name and by the authority of the State of Texas: F. M. Boyles, county attorney in and for county of Falls and State of Texas, duly elected and qualified, now here in the county court of said county, information makes, that Pearlie Mimms, late of the county of Falls, on the 20th day of March, A. D. one thousand nine hundred and three, and anterior to the filing hereof, with force and arms, in the county of Falls, State of Texas, did then and there unlawfully commit an aggravated assault and battery in and upon the person of Edna Bridges, the said Pearlie Mimms being then and there an adult male person, and the said Edna Bridges being then and there a female person (this information is based upon the written affidavit of John Greer herewith filed), and against the peace and dignity of the State. Geo. H. Carter, county attorney." This information was filed on March 21, 1903; and accompanying it was an affidavit signed by Jno. C. Greer and sworn to before Geo. H. Carter, county attorney of Falls County, Texas.

Appellant filed a motion to quash the same because there is a variance between the name signed at the conclusion of the information, and that stated in the beginning thereof. It appears that F. M. Boyles' name is inadvertently used in the information instead of Geo. H. Carter. Evidently this was a clerical mistake, and an old blank was used having Boyles' name printed in it. By an inspection of the information, in conjunction with the affidavit, it appears to all reasonable intendment and certainty that this was an inadvertence. The law does not require the name of the county attorney to be given in the body of the instrument; and we hold that not being an essential averment, and the whole information, when construed in connection with the affidavit, showing conclusively that it was a typographical error, appellant's motion was not well taken. There is no other matter to be discussed in this case. The judgment is affirmed.

*Affirmed.*

HENDERSON, Judge.—My views on the validity of the information are expressed in Nat. Adams v. State.