Upon another trial, the question of the argument will probably not occur.

For the error pointed out, the judgment is reversed and the cause remanded.

Ramona RAMERIZ, Appellant,

v.

STATE of Texas, Appellee.

No. 33885.

Court of Criminal Appeals of Texas.

Dec. 6, 1961.

Royce E. Ball, Lubbock, for appellant.

Alton R. Griffin, County Atty., by Sam L. Kelley, Asst. County Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is the possession of an alcoholic beverage for the purpose of sale in a dry area; the punishment, a fine of $250.00.

On January 31, 1961, in Cause No. 29,054, appellant's case was called for trial in County Court at Law No. 2, of Lubbock County. The case was based upon an information and complaint, both duly filed on August 29, 1960. After the jury had been examined, selected, and empaneled, the information was read and appellant entered a plea of not guilty. Immediately afterward, the assistant county attorney discovered that the information contained a variance in that an assistant county attorney, Sam L. Kelley, presented the information but the information bore the signature of J. Q. Warnick, Jr., another assistant county attorney; thereupon the State moved to dismiss the information and the court granted the motion.

Thereafter, on January 31, 1961, a new information was filed in the same Cause No. 29,054, said information being based upon the original complaint filed in said cause on August 29, 1960. Based upon the new information in the same cause number, the case was again called for trial in the same court on March 29, 1961. Prior to the announcement of ready, appellant duly and timely filed a special plea in bar, being a plea of former jeopardy, stating that she had previously been put on trial upon a good and valid information for the same transaction as the one upon which she was now being placed on trial and that the said second trial was, in fact, placing her in jeopardy for the same offense for which she was previously prosecuted.

The special plea in bar was overruled by the court, and appellant excepted.

Appellant was then put upon trial before a jury, the jury finding her guilty as charged and assessing her punishment as aforementioned.

Appellant's sole complaint by formal bill of exception is to the court's action in overruling her plea in bar.

Adams v. State, 47 Tex.Cr.R. 35, 81 S.W. 963, and Mimms v. State, 46 Tex. Cr.R. 339, 81 S.W. 965, both involve the validity of informations signed by an officer different from the name of the officer contained in the body of the information. This Court held in these cases that since the law does not require the name of the county attorney to be given in the body of the information the informations were valid. We think these cases are directly in point and are still controlling law in Texas. A person is in legal jeopardy when he is put upon trial in a court of competent jurisdiction upon a pleading sufficient in form and substance to sustain a conviction, when a jury has been charged with his deliverance and when the indictment or information has been read to the jury, and the plea of

the accused heard. Hipple v. State (1917), 80 Tex.Cr.R. 531, 191 S.W. 1150, L.R.A. 1917D, 1141; Villareal v. State (1917), 82 Tex.Cr.R. 327, 199 S.W. 642; Steen v. State (1922), 92 Tex.Cr.R. 99, 242 S.W. 1047; Fann v. State (1940), 138 Tex.Cr.R. 580, 137 S.W.2d 1019; Wilson v. State (1946), 154 Tex.Cr.R. 39, 224 S.W.2d 234.

■ The State has confessed error in the instant case. We think the original information presented in court at the first trial was valid. Since the information was dismissed by the State after appellant had entered her plea of not guilty, she was placed in jeopardy again for the same offense.

For the reasons stated, the judgment is reversed and the prosecution is ordered dismissed.