NO. 12-02-00160-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


§
 APPEAL FROM THE SECOND

EX PARTE:

§
 JUDICIAL DISTRICT COURT OF

ROBBIE GOODMAN

§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 Robbie Goodman appeals from the trial court's order denying his petition for writ of habeas
corpus. In a single issue, he asserts the trial court erred because the State's theft case against him is
barred by double jeopardy. We affirm.


Background

 Appellant delivered lumber for Tarrant Lumber Company which did business with M & H
Crate Company, owned by Pat McCown. Mr. McCown notified authorities when he began to suspect
Appellant and Tarrant Lumber Company were presenting invoices for, and M & H Crate was paying
for, a much greater amount of lumber than was actually delivered. The case involved over 300
delivery tickets covering a time period spanning approximately one and one half years.

 In trial court cause number 14747, Appellant was charged with theft over $200,000.00. 
Specifically, the indictment alleged that on or about the 1st day of July 1999, Appellant "did then and
there intentionally appropriate . . . United States currency of the value of at least $200,000.00"
without the owner's consent and with the intent to deprive the owner, Patrick Ray McCown, of the
property. Proceeding under this indictment, a trial began on January 22, 2002. A jury was seated and
the State began its presentation of evidence through its first witness. His testimony was interrupted
by a lengthy bench conference which led to the State's motion to dismiss the indictment.

 Thereafter, the grand jury presented a second indictment in cause number 14838. That
indictment alleged that Appellant, pursuant to one scheme or continuing course of conduct that began
on or about May 1, 1999, and continued until on or about October 4, 2000, unlawfully acquired
control over an aggregate amount of at least $200,000.00 in United States currency owned by Pat
McCown, with the intent to deprive the owner of the property.

 Appellant then filed his petition for writ of habeas corpus asserting that prosecution for the
offense alleged in cause number 14838 is barred by the double jeopardy clauses of the state and
federal constitutions. He argued that, in cause number 14747, he was prosecuted for the same offense
or a different offense arising out of the same criminal episode that was or should have been
consolidated into one trial. Because that prosecution was terminated after the jury was sworn, he
argued, jeopardy had attached. At the hearing, Appellant presented both indictments, the reporter's
record of the first trial, over 300 delivery tickets indicating deliveries from Tarrant Lumber Company
to M & H Crate, and discovery materials from the first trial. The trial court denied Appellant's
petition.


Double Jeopardy

 In his sole issue, Appellant asserts the trial court erred in not granting the relief he sought in
his petition for writ of habeas corpus. He argues that the State dismissed the first indictment after
jeopardy attached, then reworded the indictment in its favor for the second trial. Because the
allegations in both were based on the same transactions and the same facts, he argues, the two
indictments allege one offense and, therefore, the second trial is barred by double jeopardy. He further
argues that it is impossible to determine which of the individual allegations jeopardy attached to;
therefore, jeopardy attached to all.


Applicable Law

 Generally, an appellate court reviews a trial court's decision to grant or deny relief on a writ
of habeas corpus under an abuse of discretion standard of review. Ex parte Mann, 34 S.W.3d 716,
718 (Tex. App.-Fort Worth 2000, no pet.). However, in the context of application of law to facts,
when a trial court's decision does not turn on an evaluation of credibility and demeanor, an abuse of
discretion review of the trial court's decisions is not appropriate. Ex parte Martin, 6 S.W.3d 524, 526
(Tex. Crim. App. 1999). Where the trial judge is not in an appreciably better position than the
reviewing court to make that determination, an appellate court must conduct a de novo review. Id.

 Both the United States and Texas Constitutions provide that no person shall be twice placed
in jeopardy for the same offense. U.S. Const. amends. V & XIV; Tex. Const. art. I, § 14. Jeopardy
attaches when the jury is impaneled and sworn, and testimony heard. Crist v. Bretz, 437 U.S. 28, 35,
98 S. Ct. 2156, 2161, 57 L. Ed. 2d 24 (1978). The constitutional prohibition against double jeopardy
applies to a second prosecution for the same offense after acquittal. Ex parte Rhodes, 974 S.W.2d
735, 738 (Tex. Crim. App. 1998). The dismissal of a prosecution is tantamount to an acquittal of the
charge. See Rameriz v. State, 171 Tex. Crim. 507, 352 S.W.2d 131, 133 (1961). 

 For double jeopardy purposes, "the same offense" means the identical criminal act. Ex parte
Goodbread, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998). To determine whether the second
indictment alleges the same offense as the first, we apply the "same elements" test. Blockburger v.
United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). If an indictment requires
proof of a fact which another indictment does not, the indictments do not allege the same offense and
jeopardy does not bar successive prosecution. United States v. Dixon, 509 U.S. 688, 696, 113 S. Ct.
2849, 2856, 125 L. Ed. 2d 556 (1993). The Blockburger test focuses on the proof necessary to
establish the statutory elements of each offense, rather than the actual evidence that will be presented
at trial. Illinois v. Vitale, 447 U.S. 410, 416, 100 S. Ct. 2260, 2265, 65 L. Ed. 2d 228 (1980). 
Jeopardy attaches to the elements and factual matters pleaded in the indictment, but not to any specific
date, since the State is not bound to prove the date alleged. See Sledge v. State, 953 S.W.2d 253, 256
(Tex. Crim. App. 1997). 

 A person commits the offense of theft if he unlawfully appropriates property with intent to
deprive the owner of property. Tex. Pen. Code Ann. § 31.03(a) (Vernon 2003). The offense of theft
of property valued at more than $200,000 is punishable as a first degree felony. Tex. Pen. Code Ann.
§ 31.03(e)(7) (Vernon 2003). When an actor commits theft pursuant to one scheme or continuing
course of conduct, the conduct may be considered as one offense and the amounts aggregated in
determining the grade of the offense. Tex. Pen. Code Ann. § 31.09 (Vernon 2003). Only when an
indictment additionally alleges that the property was taken "pursuant to one scheme or continuing
course of conduct" does an indictment charge an aggregated theft under Section 31.09. Miller v.
State, 909 S.W.2d 586, 589 (Tex. App.-Austin 1995, no pet.). This allegation is an element of the
offense. Id.


Discussion

 The first indictment alleged that, on or about July 1, 1999, Appellant appropriated at least
$200,000.00 from the owner with the intent to deprive the owner of the property. This indictment
alleged a violation of Section 31.03(a) in an amount making it punishable as a first degree felony. 
Tex. Pen. Code Ann. § 31.03(a) & (e)(7). The second indictment alleged that Appellant, pursuant
to one scheme or continuing course of conduct from about May 1, 1999 until about October 4, 2000,
acquired control over an aggregate amount of at least $200,000.00 with the intent to deprive the owner
of the property. This indictment alleged a violation of Section 31.09 in an aggregate amount making
it punishable as a first degree felony. Tex. Pen. Code Ann. §§ 31.03(e)(7) & 31.09. The allegation
that the property was taken "pursuant to one scheme or continuing course of conduct" is an element
of the offense alleged in the second indictment. Miller, 909 S.W.2d at 589. This element is not
alleged in the first indictment. The offense alleged in the second indictment requires the State to
prove facts not essential to the offense alleged in the first indictment. Therefore, the indictments do
not allege the same offense and jeopardy does not bar successive prosecution. See Dixon, 509 U.S.
at 696, 113 S. Ct. at 2856. We overrule Appellant's sole issue.


Conclusion

 Because the two indictments did not allege the same offense, Appellant will not be placed in
double jeopardy if prosecuted under the second indictment. The trial court did not err in denying
Appellant's petition for writ of habeas corpus.

 We affirm the trial court's order.

 SAM GRIFFITH 

 Justice

Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.


(DO NOT PUBLISH)