NO.
12-05-00258-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JAMIE
CORTEZ CLEWIS, §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON COUNTY, TEXAS

                                                                                                                                                           


OPINION

            Jamie
Cortez Clewis appeals his conviction for delivery of between one and four grams
of

cocaine, for which he was sentenced
to imprisonment for fifteen years.  In
one issue, Appellant challenges the admission of evidence during the punishment
phase of underlying charges the trial court had dismissed.  We affirm.

 

Background

            Appellant was indicted in multiple
causes[1]
for separate instances of delivery of between one and four grams of
cocaine.  The matter proceeded to trial,
and a jury was empaneled and sworn.   The
charges were read before the jury in each cause.  Appellant pleaded “not guilty” to the charges
in each cause except for the charges in cause number 27367, to which Appellant
pleaded “guilty.”  The trial court
accepted Appellant’s guilty plea. 
Thereafter, the prosecuting attorney sought to dismiss the remaining
causes without prejudice, stating that the State intended to introduce evidence
concerning the dismissed causes during the punishment phase for cause number
27367.  The trial court granted the State’s
motion to dismiss.

            Cause 27367 proceeded to a trial on
punishment.  During its presentation of
evidence, the State sought to introduce through its witnesses the underlying
facts of some of the causes against Appellant that were previously
dismissed.  Over Appellant’s objection,
the trial court permitted the State to introduce such evidence.  Ultimately, the jury assessed Appellant’s punishment
at imprisonment for fifteen years.  The
trial court sentenced Appellant accordingly, and this appeal followed.

 

Admission of Dismissed Cases as Punishment
Evidence

            In his sole issue, Appellant argues
that the trial court erred in admitting evidence concerning the underlying
factual circumstances of causes previously dismissed in the trial on punishment
for cause number 27367.  Specifically,
Appellant argues that the trial court’s granting of the State’s motion to
dismiss the causes in question after the jury was empaneled and sworn was
tantamount to an acquittal on each cause dismissed.  Thus, Appellant contends that the admission
of evidence relating to such dismissed causes is barred by collateral estoppel and
violates his constitutional protections against double jeopardy.[2]

            Texas Code of Criminal Procedure,
article 37.07, section 3(a) governs the admission of evidence in the punishment
phase of noncapital cases.  Section 3(a)
provides as follows:

 

Regardless of the plea and whether the punishment be
assessed by the judge or the jury, evidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including
but not limited to the prior criminal record of the defendant, his general
reputation, his character, an opinion regarding his character, the
circumstances of the offense for which he is being tried, and, notwithstanding
Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have
been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or
finally convicted of the crime or act. 

 

 

Tex. Code Crim. Proc. Ann. art. 37.07 §
3(a) (Vernon Supp. 2006).

Double
Jeopardy

            The Double Jeopardy Clause of the
United States Constitution provides that no person shall be subjected to twice
having life or limb in jeopardy for the same offense.  U.S.
Const. amend. V.  This clause
protects against (1) a second prosecution for the same offense after acquittal,
(2) a second prosecution for the same offense after conviction, and (3)
multiple punishments for the same offense. 
Ex parte Watkins, 73 S.W.3d 264, 267 n.5 (Tex. Crim. App.
2002).  A person is in legal jeopardy
when he is tried in a court of competent jurisdiction upon a pleading
sufficient in form and substance to sustain a conviction, when a jury has been
charged with his deliverance, and when the indictment or information has been
read to the jury and the plea of the accused heard.  See Rameriz v. State, 171
Tex. Crim. 507, 352 S.W.2d 131, 132–33 (Tex. Crim. App. 1961).

            In the case at hand, it is
undisputed that jeopardy attached before the trial court granted the State’s
motion to dismiss.   But even though
jeopardy attached, the admission of such evidence in a trial on punishment does
not violate Appellant’s protection against double jeopardy.  Double jeopardy applications have
historically been found inapplicable to sentencing proceedings because the
determinations at issue do not place a defendant in jeopardy for an offense.  See Monge v. California, 524
U.S. 721, 728, 118 S. Ct. 2246, 2250, 141 L. Ed. 2d 615 (1998); see also Powell
v. State, 898 S.W.2d 821, 830 (Tex. Crim. App. 1994).  Likewise, sentence enhancements are not
construed as additional punishment for the previous offense since they act to
increase a sentence because of the manner in which the defendant committed the
crime of conviction.  See Monge, 524
U.S. at 728, 118 S.Ct. at 2250.

            In Powell, the
appellant argued that the trial court abused its discretion by failing to
exclude at the punishment phase evidence of a prior attempted murder for which
the appellant had been tried and acquitted in Louisiana.  Id. at 829.  The court addressed the issue as follows:

 

In the instant case, appellant was not retried for the
same offense for which he was previously tried and acquitted in Louisiana; he
was instead tried for and convicted of the capital murder of a ten-year-old
girl.  Evidence of the extraneous offense
was offered by the State at the punishment phase of appellant’s trial merely to
assist the jury in its determination of appellant’s deathworthiness,
specifically to determine whether appellant imposed a future danger to society,
not to prove beyond a reasonable doubt that appellant committed attempted
murder of Ms. Jackson in Louisiana.

 

We conclude that the double jeopardy clause of the
Fifth Amendment was not violated in the instant case by the trial court’s
decision to admit  . . .  testimony concerning appellant’s extraneous
offense.  ....

 

Appellant also claims that the trial court’s admission
of his extraneous misconduct for which he was tried and acquitted in Louisiana
violated Article 1.11 of the Texas Code of Criminal Procedure, which provides
that “[a]n acquittal of the defendant exempts him from a second trial or a
second prosecution for the same offense.” 
In the instant case, appellant was not retried for the offense for which
he was acquitted in Louisiana.  Nor does
the punishment phase of appellant’s capital murder trial constitute a “second
trial or second prosecution” for that misconduct.  We therefore reject appellant’s claim based
on Article 1.11 of the Texas Code of Criminal Procedure.

 

 

Id.
at 830-31.  

            We likewise hold that the trial
court in the case at hand did not abuse its discretion in admitting evidence of
Appellant’s extraneous conduct at issue because the evidence was offered by the
State at the punishment phase of Appellant’s trial to assist the jury in its
assessment of Appellant’s punishment, not to seek to hold Appellant criminally
responsible for delivery of cocaine in the previously dismissed causes.  See id. at 830; see
also Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999)
(Prior crimes or bad acts are introduced to provide additional information
which the jury may use to determine what sentence the defendant should
receive.).  

Collateral
Estoppel

            The doctrine of collateral estoppel
is embodied within the constitutional bar against double jeopardy, but the two
doctrines are not identical.[3]  See Ex parte Watkins, 73 S.W.3d at
267.  Double jeopardy bars any retrial of
a criminal offense, while collateral estoppel bars any retrial of specific and
discrete facts that have been fully and fairly adjudicated.  Id.  Double jeopardy applies only to criminal
cases, while collateral estoppel applies in both criminal and civil
proceedings. Id. at 267-68. 
Thus, cases hinging on the doctrine of double jeopardy do not
necessarily apply to a collateral estoppel claim and those hinging on the
doctrine of collateral estoppel do not necessarily apply to a claim of double
jeopardy.  Id. at 268.  The two doctrines are treated
similarly, however, when a collateral estoppel claim is, as in the instant
case, based on the constitutional rule set out in Ashe v. Swenson.  Ex parte Watkins, 73 S.W.3d at
268; Ashe v. Swenson, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194, 25
L. Ed. 2d 469 (1970).

            Under this constitutionally based
doctrine of collateral estoppel, when an issue of ultimate fact has once been
determined by a valid and final judgment, that issue cannot again be litigated
between the same parties in any future lawsuit. 
Ex parte Watkins, 73 S.W.3d at 268; State v. Lee,
15 S.W.3d 921, 929 (Tex. Crim. App. 2000) (Keasler, J., concurring) (“If a
verdict at trial necessarily includes the determination of an ultimate fact
issue in the defendant's favor, and if proof of that issue is necessary for the
prosecution to convict the defendant in a subsequent proceeding, then the
prosecution is estopped from relitigating that issue, and the defendant is
acquitted of that offense.”).  That is,
once a jury determines a discrete fact in favor of a criminal defendant, the
State cannot contest the jury's finding in a subsequent proceeding.  Ex parte Watkins, 73 S.W.3d at
268.[4]  

            In applying the doctrine of
collateral estoppel, courts must first determine whether the jury determined a
specific fact, and if so, how broad—in terms of time, space, and content—was
the scope of its finding.   Id.  Before collateral estoppel will apply to bar
relitigation of a discrete fact, that fact must necessarily have been decided
in favor of the defendant in the first trial.  Id. 
The mere possibility that a fact may have been determined in a former
trial is insufficient to bar relitigation of that same fact in a second
trial.  Id.  In each case, courts must review the entire
trial record, as well as the pleadings, the charge, and the arguments of the
attorneys, to determine “with realism and rationality” precisely which facts
the jury necessarily decided and whether the scope of its findings regarding
specific historical facts bars relitigation of those same facts in a second
criminal trial.  Id. at 268–69;
see also Dowling v. United States, 493 U.S. 342, 350, 110 S. Ct.
668, 673, 107 L. Ed. 2d 708 (1990) (citing Ashe, 397 U.S. at 444,
90 S.Ct. at 1194); Dunklin v. State, 194 S.W.3d 14, 24 (Tex. App.–Tyler
2006, no pet.).  The burden is on the
defendant to demonstrate that the issue whose relitigation he seeks to
foreclose was actually decided in the first proceeding.  See Dowling, 493 U.S. at 350,
11 S. Ct. at 673.

            Appellant cites Rameriz v.
State, for the proposition that “[t]he dismissal of a prosecution is
tantamount to an acquittal of the charge.” 
The court in Rameriz reaffirmed the principle that “a
person is in legal jeopardy when he is put upon trial in a court of competent
jurisdiction upon a pleading sufficient in form and substance to sustain a
conviction, when a jury has been charged with his deliverance and when the
indictment or information has been read to the jury and the plea of the accused
heard.”  Id. at
132-33.  In Black v. State, 143
Tex. Cr. R. 318, 158 S.W.2d 795 (1942), the court of criminal appeals did, in
fact, state that a dismissal is tantamount to an acquittal.  Id. at 796.              Yet
the fact that the trial court’s dismissal is “tantamount to an acquittal” is
not dispositive of the issue.  The United
States Supreme Court has explained that 
an “acquittal on criminal charges does not prove that the defendant is
innocent; it merely proves the existence of a reasonable doubt as to his
guilt.  Watts, 519 U.S. at
155, 117 S. Ct. at 637.  The court
continued, “An acquittal is not a finding of any fact.  An acquittal can only be an acknowledgment
that the government failed to prove an essential element of the offense beyond
a reasonable doubt.  Without specific
jury findings, no one can logically or realistically draw any factual finding
inferences[.]”  Id.[5]  Thus, even in the case of an acquittal, we
must nonetheless review the record to determine “with realism and rationality”
precisely which facts the jury necessarily decided and whether the scope of its
findings regarding specific historical facts bars relitigation of those same
facts in a second criminal trial.  See
Ex parte Watkins, 73 S.W.3d at 268–69.   

            To determine whether a fact was
previously “litigated” we consider (1) whether the parties were fully heard,
(2) whether the court supported its decision with a reasoned opinion, and (3)
whether the decision was subject to appeal or was in fact reviewed on
appeal.  See Cole v. G.O.
Assoc., Ltd., 847 S.W.2d 429, 431 (Tex. App.–Fort Worth 1993, writ
denied);[6]
see also State v. Aguilar, 947 S.W.2d 257 (Tex. Crim. App. 1997).
 In the case at hand, by its
dismissal, the trial court did not resolve any of the underlying facts of the
dismissed causes. The record reflects that the facts of these causes were never
litigated.  Rather, the trial court
simply granted the State’s motion to dismiss cause numbers 27361, 27362, 27363,
27364, 27365, and 27366 without prejudice. 
Thus, since no litigation of facts was undertaken, nor any factual
determination made with regard to these causes, we hold that the State was not
barred by collateral estoppel from introducing the evidence in question.  Appellant’s sole issue is overruled.  

 

Disposition

Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered January 31,
2007.

Panel
consisted of Worthen, C.J. and Hoyle, J.

Griffith,
J., dissenting.

 

 

            I
respectfully dissent.  As the majority
opinion notes, Appellant was charged in seven cases with delivery of
cocaine.  A jury was empaneled and sworn.  The indictments were read to the jury, and
Appellant then entered his pleas, “guilty” to cause number 27367 and “not
guilty” to the other six indictments. 
The State then moved to dismiss the six indictments  to which Appellant had pleaded “not guilty,”
and the trial court granted the State’s motion. 
The trial proceeded in cause number 27367.  During the punishment phase, the State sought
to introduce evidence to the jury of the facts of the cases to which Appellant
pleaded “not guilty” and the trial court dismissed on the State’s motion after
jeopardy had attached.  Appellant
strenuously objected to the admission of the dismissed cases on the grounds of
double jeopardy under the federal and state constitutions and collateral
estoppel. 

            I
agree with the majority that jeopardy attached to the six cases that were
dismissed.  However, I disagree with its
holding that collateral estoppel does not bar evidence of the dismissed cases.

            Collateral
estoppel means that “when an issue of ultimate fact has once been determined by
a valid and final judgment, that issue cannot again be litigated between the
same parties in any future lawsuit.” Ashe v. Swenson, 397 U.S.
436, 443, 90 S. Ct. 1189, 1194, 25 L. Ed. 2d 469 (1970).  In Ashe, the
United States Supreme Court considered the application of collateral estoppel
to a criminal case.  Ashe was indicted as
one of  three or four men who robbed six
men engaged in a poker game.  Ashe was acquitted at trial of an armed
robbery of one of the victims.  The State
then tried and the jury convicted Ashe on a charge of committing armed robbery
of another of the victims.   Ashe appealed,
contending collateral estoppel prevented the State from prosecuting him on the
second charge.   The Court in Ashe
noted that 

 

the rule of collateral estoppel in criminal cases is
not to be applied with the hypertechnical and archaic approach of a 19th
century pleading book, but with realism and rationality.  Where a previous judgment of acquittal was
based upon a general verdict, as is usually the case, this approach requires a
court to “examine the record of a prior proceeding, taking into account the
pleadings, evidence, charge, and other relevant matter, and conclude whether a
rational jury could have grounded its verdict upon an issue other than that
which the defendant seeks to foreclose from consideration.”

 

Id., 397 U.S. at
444, 90 S. Ct. at 1194.  The court then
reviewed the evidence, and determined the only issue on which the first jury
could have acquitted Ashe was a failure of the evidence to identify Ashe as one
of the robbers.  The Court held that the
State was precluded from prosecuting Ashe again “in the hope that a different
jury might find that evidence more convincing.” 
Id.  

            The
issue before us is whether evidence of dismissed cases against a defendant can
be used against that defendant at a subsequent punishment hearing in another case
after (1) the defendant has been brought to trial and  placed in jeopardy on the dismissed cases,
(2) the defendant has pleaded not guilty, (3) the State has offered no evidence
in the cases, and (4) the trial court then has dismissed those cases against
the defendant.  Texas Code of Criminal
Procedure article 37.07, section 3(a) allows the admission of evidence, subject
to other evidentiary rules, only if “evidence of an extraneous crime or bad act
[can be] . . . shown beyond a reasonable doubt by evidence to have been
committed by the defendant. . . .”  Tex. Code Crim. Proc. Ann. art. 37.07 §
3(a).

            In
the present case, Appellant pleaded not guilty to six of the charges in front
of a jury empaneled and sworn to hear the case. 
Jeopardy attached.   The State
then dismissed those six indictments without presenting any evidence.  According to Ashe, in
determining whether collateral estoppel prevents the State from relitigating
these cases, a reviewing court is to “examine the record of a prior proceeding
. . . and conclude whether a rational jury could have grounded its verdict upon
an issue other than that which the defendant seeks to foreclose from
consideration.” Ashe, 397 U.S. at 444, 90 S. Ct. at 1194. 

             In most cases where the issue of collateral
estoppel is raised, there is some evidence on each issue.  In those cases, it is difficult, if not
impossible, for a reviewing court to determine if the  issue 
that a defendant seeks to preclude in a subsequent trial  was the exact 
issue on which the jury failed to find sufficient evidence, resulting in
a “not guilty” verdict.  By contrast, in
the present case, there is a complete absence of any evidence admitted on any
of the six dismissed indictments; therefore, there was absolutely no evidence
on any element of the six charged offenses that were dismissed.  Had the State not moved to dismiss the cases,
proceeded to a jury trial, and declined to present evidence, the jury would
have been required to enter  a “not
guilty” verdict on each case. The result should not be different merely because
the State elected to move for dismissal after the jury was empaneled and
jeopardy attached instead of proceeding to trial.  In either scenario, any subsequent attempt by
the State to prove these issues beyond a reasonable doubt would constitute
relitigation of those issues.  See Tex. Code Crim. Proc. Ann. art. 37.07 §
3(a) (State has burden of proving  beyond
a reasonable doubt by evidence that extraneous acts were committed by the
defendant).  In other words, at the punishment
phase, the State cannot seek to establish what was found against it as a result
of the dismissal.  Accordingly, the State
is precluded, by virtue of collateral estoppel, from relitigating any of the
elements of the six cases that were dismissed against Appellant, and estopped
from adducing any evidence of those offenses at the punishment phase of the
remaining case.  Therefore, I would
reverse and remand Appellant’s case for a new punishment hearing with
instructions that evidence of the six dismissed cases be excluded.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Specifically, Appellant was indicted in cause numbers 27361, 27362,
27363, 27364, 27365, 27366, and 27367.





[2] Appellant further argues that the trial court’s admission of such
evidence violates Texas Code of Criminal Procedure, article 1.11.





[3] Double jeopardy is sometimes called claim preclusion, while collateral
estoppel is called issue preclusion.  Ex
parte Watkins, 73 S.W.3d at 267 n.6. 
But the two doctrines are not coextensive, that is, application of
collateral estoppel does not require that there also be finding that there is
double jeopardy.  Id. at
270 n.20.  Rather, collateral estoppel is
applicable in criminal cases only when double jeopardy is not.  Id. (citing United States
v. Bailin, 977 F.2d 270, 275 (7th Cir. 1992).





[4] Where there is a lesser burden of proof in the subsequent proceeding,
relitigation is permissible.  See United
States v. Watts, 519 U.S.148, 157, 117 S. Ct. 633, 638, 136 L. Ed. 2d
554 (1997). 





[5] As set forth previously, in Watts, the court set
forth an exception to the collateral estoppel doctrine wherein facts could be
relitigated.  See n.4.  We do not rely on that exception in the instant
case. 





[6] The discussion of what constitutes “litigation” with regard to
collateral estoppel is often found in civil jurisprudence.  However, given that the concept of collateral
estoppel is a creation of civil law, civil cases are instructive on the
question of what constitutes “litigation” in a criminal case.  See Johnston v. American Med. Int’l,
36 S.W.3d 572, 576 (Tex. App.–Tyler 2000, pet. denied), (construing “litigation”
with regard to a prior criminal matter relying on civil case law) (citing State
Farm Fire & Cas. Co. v. Fullerton, 118 F.3d 374, 378, 384 (5th Cir.
1997)).