John Luther JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 47678.

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

---

1. See Ramos v. State, Tex.Cr.App., 478 S.W.2d 102, Dissenting Opinion.

Melvyn Carson Bruder, James Mattox, Dallas, for appellant.

Henry Wade, District Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The punishment was assessed at confinement in jail for sixty days and a fine of $300. Both the confinement and the fine were probated for a six months' period. Appellant was indicted on April 23, 1973, for the unlawful possession of marihuana as denounced by Article 725b, Section 2(a), Vernon's Ann.P.C., for an offense alleged to have been committed on March 30, 1970.

Appellant was tried on August 27, 1973, the effective date of the Texas Controlled Substances Act, Vernon's Ann.Civ.St. art. 4476–15 which provides, in part, as follows:

"Section 6.01 Saving Provision. (a) Except as provided in Subsections (b) and (c) of this section, this Act applies only to offenses committed on and after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force. For purposes of this section, an offense is committed on or after the effective date of this Act if any element of the offense occurs on or after the effective date.

"(b) Conduct constituting an offense under existing law that is no longer an offense under this Act may not be prosecuted after the effective date of this Act. If, on the effective date of this Act, a criminal action is pending for conduct that does not constitute an offense under this Act, the action is dismissed on the effective date of this Act. However, a final conviction existing on the effective date of this Act, for conduct constituting an offense under existing law, is valid and unaffected by this Act.

"(c) In a criminal action pending, on appeal, or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act."

The appellant filed his written notice of his election to proceed under the provisions of the Texas Controlled Substances Act before the case was called to trial. Appellant was adjudged guilty of the felony offense of the unlawful possession of marihuana. The evidence shows and the trial court found that the uncontroverted evidence reflected that the amount of marihuana possessed and for which he was indicted was less than two ounces. After finding the appellant guilty, the court assessed the punishment within the terms of the new Controlled Substances Act but found appellant guilty of a felony even though the amount of marihuana possessed was under two ounces and was classified as a misdemeanor offense under the statute.

The appellant contends that the ameliorative effect of a new statute changes the conviction from a felony to a misdemeanor; that the elements of the offense were changed and that the prosecution now has to prove the amount of marihuana possessed. He also contends that the classification of an offense as a felony takes privileges and rights of citizenship from one who has been convicted. Section 6.01(a) of the Act provides:

" . . . A criminal action for an offense committed before this Act's ef-

fective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force. . . ."

Subsection (c) provides that if an action is pending

" . . . on or after the efffective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act *if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act.*" (Emphasis supplied)

Article 13 of the 1925 Penal Code provides, in part:

" . . . In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by law in force when the offense was committed."

Article 15 of the 1925 Penal Code provides:

"When by the provisions of the repealing statute a new penalty is substituted for an offense punishable under the law repealed, such repealing statute shall not exempt from punishment a person who has offended against the repealing law while it was in force, but in such case the rule prescribed in Article 13 shall govern."

It can readily be seen that the provisions of Article 6.01(a) of the Texas Controlled Substances Act are different from Article 13, supra, where the effect of modification by the subsequent law is concerned. Under Article 13, the punishment is ameliorated to the second act unless an accused elects to receive the penalty prescribed by the first law.

■ Under the provisions of the new Act, had the appellant not elected to have been tried under its provisions, then the penalty under the former Act, Article 725b, supra, would have applied. In this case, under the provisions of the present Act and under the proof, the appellant could not be convicted as a felon because the amount involved was less than four ounces.

■ The appellant further contends that the district court lost jurisdiction. We do not agree. The indictment, when it was presented, alleged a felony offense. The punishment after the election by the appellant was for a misdemeanor offense. Article 47, V.A.P.C., provides:

"An offense which may—not must—be punishable by death or confinement in the penitentiary is a felony; every other offense is a misdemeanor."

The trial court retained jurisdiction under the indictment.

Although not exactly in point some of the following cases are somewhat analogous. In Mock v. State, 164 Tex.Cr.R. 335, 298 S.W.2d 583, the indictment was for assault with intent to murder with malice. This Court held it was proper for the State to prosecute for aggravated assault, a misdemeanor.

Brown v. State, Tex.Cr.App., 376 S.W.2d 577, held that a conviction for the misdemeanor offense of negligent homicide may be had under an indictment charging murder with malice.

In Hughes v. State, 68 Tex.Cr.R. 584, 152 S.W. 912, the conviction was for aggravated assault under an indictment for assault with intent to murder. On appeal, the case was reversed and this Court held that the district court still had jurisdiction to try the defendant for aggravated assault.

In McKenzie v. State, 159 Tex.Cr.R. 345, 263 S.W.2d 562, the prosecution was on an indictment which charged a subsequent offense of driving a motor vehicle on a public highway while intoxicated. The State did not establish the allegation of the prior conviction. The Court held that the misdemeanor offense of driving while intoxicated was included within the allegations of the indictment and was a constituent element of the felony offense charged, and hence, the criminal district court had jurisdiction over such misdemeanor.

Mueller v. State, 119 Tex.Cr.R. 628, 43 S.W.2d 589, held that the district court, where an indictment charged felony theft, did not lose jurisdiction where the proof established only a misdemeanor theft constituting a lesser grade of the offense.

We hold that the trial court did not lose jurisdiction when the State proved that the appellant possessed only two ounces of marihuana.

The appellant also contends that in order to come under the provisions of the Controlled Substances Act he had to waive the right to a trial by jury and that United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, was applicable, which held the federal kidnapping law unconstitutional because of the chilling effect on the exercise of a right to elect to a jury trial.

 In the present case the appellant signed a waiver of his right to a jury trial. He had a right to a jury trial at the guilt stage of the trial under Article 725b, supra, at the time the indictment was returned. He also had a right to the jury trial at the time of the trial of the present case. He waived that right. The only thing that he could complain of was the right to a jury to assess the punishment.

The appellant made his application for probation under Article 42.13, Vernon's Ann.C.C.P., the misdemeanor probation law. The court granted probation but designated the offense as a felony under Arti-cle 42.12, V.A.C.C.P. The conditions of the probation granted comply with the provisions of Article 42.13, supra, including the condition that the probation be for a longer term than the punishment. The order should be reformed to reflect misdemeanor probation.,

Article 37.07, V.A.C.C.P., provides that the judge shall assess the punishment unless the defendant makes an election in writing at the beginning of the trial that the jury assess the punishment. In most jurisdictions, after a finding of guilty by the jury, the court assessed the punishment in ordinary felony and misdemeanor cases. There is no constitutional right for the jury to assess punishment. See Jones v. State, Tex.Cr.App., 416 S.W.2d 412. 31 Am.Jur. 40; 50 C.J.S. Juries § 78, page 784; Williams v. Jones, Ky., 338 S.W.2d 693, cert. denied, 365 U.S. 847, 81 S.Ct. 808, 5 L.Ed.2d 811.

As reformed, the judgment is affirmed.