

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 18, 1974

The Honorable V. Murray Jordan
District Attorney
198th Judicial District
107 East Main Street
Brady, Texas 76825

Dear Mr. Jordan:

Opinion No. H- 262

Re: Trial of marihuana possession
offenses alleged to have been
committed before the effective
date of the Texas Controlled
Substances Act.

You have asked whether the county court may try a case involving
the offense of possession of less than four ounces of marihuana when the
alleged offense occurred prior to August 27, 1973, the effective date
of the new Texas Controlled Substances Act.

Formerly, possession of any amount of marihuana was a felony.
Acts 1937, 45th Leg., ch. 169, p. 333 (formerly, Vernon's Texas Penal
Code, Art. 725b). From and after August 27, 1973, possession of
four ounces or less of marihuana is a misdemeanor. Texas Controlled
Substances Act [hereinafter referred to as the Act], Vernon's Texas
Civil Statutes, Article 4476-15, Sec. 4.05. Offenses committed before
August 27, 1973, but tried after that date are controlled by Sec. 6.01 of
the Act which provides in part:

> "(a) Except as provided in Subsections (b) and (c) of
> this section, this Act applies only to offenses committed
> on and after its effective date, and a criminal action
> for an offense committed before this Act's effective
> date is governed by the law existing before the effective
> date, which law is continued in effect for this purpose,
> as if this Act were not in force. For purposes of
> this section, an offense is committed on or after the
> effective date of this Act if any element of the offense
> occurs on or after the effective date.
>
> " . . .

"(c) In a criminal action pending, on appeal, or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act."

Although Sec. 6.01(c) has been declared unconstitutional insofar as it applies to actions in which a conviction was being appealed on or after August 27, 1973, the provisions of the section relating to actions awaiting trial on the effective date of the Act were not affected. Ex parte Giles, 502 S.W.2d 774 (Tex. Crim. App.  1973).

Thus, pre-August 27, offenses are to be tried under the old felony statute, but the potential punishment may be of either felony or misdemeanor status, at the option of the defendant. If the quantity involved is four ounces or less, and if the defendant elects to be sentenced under the provisions of the new Texas Controlled Substances Act, any conviction necessarily is a misdemeanor conviction. Jones v. State, 502 S.W.2d 771 (Tex. Crim. App.  1973).

The county courts have original jurisdiction of misdemeanors in which the potential punishment exceeds a fine of two hundred dollars. Vernon's Texas Code of Criminal Procedure, Article 4.07. District courts have original jurisdiction in felony cases. Texas Constitution, Article 5, Sec. 8; Vernon's Texas Code of Criminal Procedure, Article 4.05.

A marihuana possession offense alleged to have occurred prior to the effective date of the Texas Controlled Substances Act must be treated as a felony unless and until the defendant elects to be sentenced under the provisions of the Act.

Although the Court of Criminal Appeals has not yet indicated whether the jurisdiction of the district court is always exclusive in pre-August 27 marihuana possession cases, it has held that the district court retains jurisdiction even when a motion to be sentenced under the new Act has been filed prior to trial. Jones v. State, supra.

Since, the district court is the court in which the motion must be filed, and as Sec. 6.01(c) requires the motion to be filed in the trial court, we believe that the Act contemplates trial of pre-August 27 offenses in the district court.

Another factor leading to the conclusion that the district court is the proper court in which to prosecute these cases, is the inability of the county court to enter a felony conviction. There is a possibility that the defendant will not elect to proceed under the new Act or if he has filed an election to so proceed, there is a possibility that his motion may be withdrawn. If a felony conviction must be entered, it is necessary that the case be in the district court.

Although we cannot say categorically that a misdemeanor conviction for a pre-August 27 marihuana possession offense entered by a county court would be invalid in all cases, it is our opinion that prudence and the language of the statute indicate that these cases be tried in the district court.

## SUMMARY

Trial of marihuana possession offenses alleged to have been committed prior to August 27, 1973, should be in the district court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee