Willie Henry McCLENDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 56993.

Court of Criminal Appeals of Texas, Panel No. 3.

July 18, 1979.

Jon Mercer, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus, and Dennis C. Cain, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

The conviction was for murder without malice, and the sentence was assessed at 5 years. The controlling issue presented in this case is governed by the Double Jeopardy Clause of the Fifth Amendment.

Appellant was originally indicted in 1971 for the murder of "Mose Dineal" by an indictment numbered "158–786." Trial was held in October of 1971, conviction ensued, and appeal was brought before this Court. One ground of error presented in that appeal was that the victim's name was "Mose Dineal Howard," and that the evidence was not sufficient to show that he was also known as "Mose Dineal" as alleged in the indictment. That contention was rejected because the victim's wife had testified that the deceased was known by both names. The case was reversed, however, on other grounds. See *McClendon v. State*, 509 S.W.2d 851 (Tex.Cr.App.1974).

After the mandate for reversal was received from this Court, the case was set for a new trial on April 7, 1975. Both sides announced ready, and the jury was selected. Appellant pleaded to the indictment, and the State began presenting evidence from its witnesses. During the course of the trial the State discovered that it did not have any witness present who could testify that the deceased was known by the name alleged in the indictment. The victim's wife was in Louisiana, and no effort had been made to bring her to the trial. For that reason the State moved to dismiss, and the trial court granted the motion.

Appellant was reindicted on April 14, 1975, for the same offense. His counsel filed a plea in bar of prosecution and a motion to dismiss on the ground that appel-

late was being subjected to double jeopardy. The motion was denied, and appellant was convicted in a trial before the court.

The Double Jeopardy Clause prohibits "multiple punishments and multiple prosecutions by a single sovereign for a single offense."[1] The policy promoted by the Clause was described in *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) as follows:

> "The underlying idea, one that is deeply ingrained in at least the Anglo-Saxon system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal, and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Id.* at 187–188, 78 S.Ct. at 223.

The first question to be decided in each case is when jeopardy "attaches." *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). More specifically, the question in this case is whether appellant at the time the trial court granted the State's motion to dismiss had already been placed once in jeopardy, thereby prohibiting further prosecution for that offense.

In *Crist v. Bretz*, supra, the United States Supreme Court held "the federal rule that jeopardy attaches when the jury is empaneled and sworn is an integral part of the constitutional guarantee against double jeopardy." The decision mandates that appellant had been placed in jeopardy at the time the State's motion to dismiss was granted. However, the inquiry does not end at that point. Even though jeopardy attaches, a trial court may be justified in granting a retrial:

"[T]he law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824).

*Perez* involved a hung jury, and the Court held that a retrial was not prohibited. Other situations constituting "manifest necessity" have included a prejudicial opening statement by defense counsel,[2] a "jurisdictional" defect in an indictment,[3] and a trial judge's improper inference to a jury concerning a prosecutor's conduct.[4]

In our view the controlling decision is *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1962). That case involved a federal prosecution for seven counts of theft from the mail. The trial proceeded as far as completion of jury selection when the prosecution discovered that its key witness on the sixth and seventh counts was not present. At the prosecutor's request, and over the defendant's objection, the trial court discharged the jury. Two days later a trial was had on the same charge, and the defendant was convicted. The Court reversed because the defendant had been twice placed in jeopardy.

The opinion specifically refused to say that the absence of a prosecution witness will never justify discontinuance of a trial. Instead the Court held that "[e]ach case must turn on its own facts." *Id.* at 737, 83 S.Ct. at 1035. However, the majority opinion quoted from *Cornero v. United States*, 48 F.2d 69 (9 Cir. 1931), for what it called the "governing principle" in such cases:

> "The fact is that, when the district attorney impaneled the jury without first ascertaining whether or not his witnesses were present, he took a chance. While

---

1. Beeny, *Double Jeopardy Consequences of Mistrial, Dismissal and Reversal of Conviction on Appeal*, 16 Am.Crim.L.Rev. 235 (1979).

2. *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

3. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

4. *Gori v. United States*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961).

their absence might have justified a continuance of the case in view of the fact that they were under bond to appear at that time and place, the question presented here is entirely different from that involved in the exercise of the sound discretion of the trial court in granting a continuance in furtherance of justice. *The situation presented is simply one where the district attorney entered upon the trial of the case without sufficient evidence to convict. This does not take the case out of the rule with reference to former jeopardy.*" (Emphasis added). *Downum,* 372 U.S. at 737, 83 S.Ct. at 1035.

The facts of the case before us are materially the same as in *Downum.* The State went to trial without a necessary witness. The trial court is given discretion in such situations as to the granting of a State's motion for a continuance. See, e. g., *Ashabranner v. State,* 557 S.W.2d 774 (Tex.Cr. App.1977). No continuance was requested in this case. In fact, by its own admission the State made no attempt to secure the witness before trial. No "manifest necessity" is presented which would justify subjecting appellant to jeopardy twice. Indeed, in *Arizona v. Washington, supra* note 2, the Supreme Court reaffirmed that unpreparedness on the part of the prosecution would require "the strictest scrutiny" of the dismissal of a trial. 98 S.Ct. at 832.

The State contends that appellant has the burden of showing that his right against double jeopardy was violated. Further, the State argues that appellant failed to meet that burden because there is no affirmative showing in the record that appellant did *not* consent to the discharge of the jury on the State's motion. The authorities cited for this proposition are *Wockenfuss v. State,* 521 S.W.2d 630 (Tex.Cr.App.1975); *Ward v. State,* 520 S.W.2d 395 (Tex.Cr.App.1975).

We feel that the *Ward* decision best stated the test: "The burden was on appellant at the second trial to *go forth with evidence* in support of his allegation of former jeopardy." (Emphasis added). *Ward,* at 398. In that case the defendant was convicted

and sentenced before the trial court granted a second motion for a new trial based on a fundamental defect in the indictment. The evidence showed that the granting of the motion for new trial occurred before the trial judge lost jurisdiction over the case by sending the appellate record to this Court. We made two conclusions: (1) jeopardy did not attach because of the fundamentally defective indictment; and (2) appellant failed to bring *any* evidence forward showing that the motion for new trial was improperly granted. The *Wockenfuss* case was similar in that the defendant claimed that he had been previously convicted for the same offense. We noted that *no* evidence was presented on that issue until the appeal, and then the only evidence relied on was an entry on the docket sheet that the defendant was set for "sentencing" before the indictment was dismissed. However, there was no entry indicating that any trial had been held, and the only other entry on the docket sheet stated that the defendant had jumped bail. We held the evidence insufficient for a finding of double jeopardy.

Appellant's case is entirely different. Before trial on the new indictment began, appellant's counsel filed a plea in bar of prosecution setting out all the facts leading to his claim of double jeopardy. A supporting brief of authorities was also filed. A hearing on the motion was held before trial which constitutes approximately 27 pages of the statement of facts. Appellant called three witnesses. The first was David Gaulden, a deputy district clerk for Harris County. The second was Dennis Cain, an assistant district attorney from Harris County. Third, appellant's counsel testified in narrative form. Those witnesses established the uncontested facts set out in the beginning of this opinion. Those facts are sufficient to establish a case of former jeopardy. It would be unreasonable to require the appellant to prove a negative, that he did *not* agree to the dismissal. The State had ample opportunity at the hearing on the motion to introduce such evidence, but did not do so. Once appellant went forward with sufficient evidence to establish a claim of

double jeopardy, the burden was on the State to prove that appellant consented to the State's motion to dismiss.

For these reasons the judgment is reversed and the cause is ordered dismissed.

DALLY, Judge, concurring.

The prosecuting attorney should have been aware of our prior opinion in this case, *McClendon v. State*, 509 S.W.2d 851 (Tex. Cr.App.1974), and of the need to either secure the necessary witness or to reindict. Moreover, when the prosecuting attorney did recognize his untenable position, he did not seek a continuance or attempt to lay a predicate for the admission of the witness' testimony at the original trial. See *Raley v. State*, 548 S.W.2d 33 (Tex.Cr.App.1977); *Galvan v. State*, 461 S.W.2d 396 (Tex.Cr. App.1970). Under the circumstances, I must agree that there was no manifest necessity to dismiss the April 7, 1975, proceeding. *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1962); *Pizano v. State*, 20 Tex.App. 139 (1886).

I write separately to emphasize that while a dismissal due to the absence of a prosecution witness is subject to strict scrutiny when determining whether a subsequent prosecution is barred by jeopardy, there is no mandatory rule; each case must turn on its own facts. In *Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949), the United States Supreme Court, through Mr. Justice Black, spoke as follows:

> "We are urged to apply the *Cornero* [*v. United States*, 48 F.2d 69 (9th Cir. 1931)] interpretation of the 'urgent necessity' rule here. We are asked to adopt the *Cornero* rule under which petitioner contends the absence of witnesses can never justify discontinuance of a trial. Such a rigid formula is inconsistent with the guiding principles of the [*United States v.*] *Perez* [22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824)] decision to which we adhere. Those principles command courts in considering whether a trial should be terminated without judgment to take 'all cir-cumstances into account' and thereby forbid the mechanical application of an abstract formula. The value of the *Perez* principles thus lies in their capacity for informed application under widely different circumstances without injury to defendants or to the public interest." 336 U.S. at 691, 69 S.Ct. at 838.

Also, not only had the jury been sworn but the appellant had entered his plea and evidence had been received when the State's motion to dismiss was granted. Under the holding of this Court prior to *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), jeopardy had attached. *Ochoa v. State*, 492 S.W.2d 576 (Tex.Cr.App. 1973); *Rameriz v. State*, 171 Tex.Cr.R. 507, 352 S.W.2d 131 (1961).

I concur in the reversal of the judgment.