COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-08-481-CR

 

 

ROBERT JOHN GALLEMORE                                                            APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                  FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

I. 
Introduction

We
must decide in this appeal whether double jeopardy bars retrial of a defendant
when, following the defendant=s
guilty plea, the trial court granted a mistrial and dismissed the case because
of an alleged jurisdictional defect in the indictment.  We hold that, under the circumstances
presented by this case, the answer is Ano.@  Accordingly, we affirm the trial court=s
judgment.








II. 
Background

A
grand jury originally indicted Appellant Robert John Gallemore for felony
driving while intoxicated[1]
on December 14, 2005, and Appellant entered an open plea of guilty in the 271st
District Court of Wise County, Texas, on March 24, 2006.  The trial court accepted Appellant=s
plea, found him guilty, and set a hearing to consider punishment.








At
the April 27, 2006 sentencing hearing, both sides presented evidence and
closed, but before the trial court sentenced Appellant, his attorney told the
judge he had Asome
argument@ and
proceeded to contend that the State had failed to plead and prove a felony
offense.  Appellant=s
counsel pointed out that one of the offenses alleged as a prior offense in the
indictment was actually a subsequent offense. 
Thus, Appellant=s attorney argued that the
indictment alleged only a misdemeanor offense,[2]
that Appellant pleaded guilty only to a misdemeanor offense, and that the trial
court did not have jurisdiction over the case. 
However, Appellant did not request dismissal and instead asked only that
he be subject to the lesser punishment range for misdemeanor DWI with a maximum
punishment of one year=s imprisonment.  The trial court ordered the parties to brief
the issue, and on May 4, 2006, the trial court sent a letter to the parties
that stated, in relevant part, Athe
Court is of the opinion that it is without jurisdiction, declares a mistrial,
and finds that dismissal for lack of jurisdiction would be in order.@  The trial court signed an order on May 30,
2007, formally declaring a mistrial and dismissing the case for lack of
jurisdiction.

In
the meantime, on May 26, 2006, the State reindicted Appellant for the instant
DWI and alleged prior DWI convictions dated November 8, 2000, and February 9,
1998, to enhance the DWI to a third-degree felony.  The new indictment also contained a habitual
offender paragraph that alleged prior convictions for a third DWI and a
robbery.  Appellant filed a ASpecial
Plea of Former Jeopardy@ in the reindicted case,
which the trial court denied on June 27, 2007. 









On
April 2, 2008, Appellant filed a APetition
for Writ of Habeas Corpus Double Jeopardy@ in
which he alleged that prosecution under the reindicted case was barred.  Specifically, Appellant alleged that (1)
jeopardy had attached in the former proceeding because Appellant had already
entered his guilty plea and (2) there was no manifest necessity for declaring a
mistrial.  The trial court denied the
requested relief on April 30, 2008. 
Appellant appealed the denial of his petition for habeas corpus to this
court, and this court affirmed the trial court=s
order.  See Ex parte Gallemore,
No. 02-08-00154-CR, 2008 WL 2780667, at *2 (Tex. App.CFort
Worth July 17, 2008, orig. proceeding) (mem. op., not designated for
publication) (holding jeopardy did not bar second proceeding when district
court did not have jurisdiction over first proceeding).        On
November 5, 2008, Appellant again entered an open plea of guilty to felony
DWI.  The trial court found Appellant
guilty, found the enhancement paragraphs to be true, and sentenced Appellant to
twenty-five years= imprisonment.  This appeal followed.

III. Analysis

Appellant
argues in two points that the trial court erred by declaring a mistrial in the
first proceeding because there was no manifest necessity to declare a mistrial
and that double jeopardy bars the second proceeding.  Each point concerns the 271st District Court=s
jurisdiction, or lack of jurisdiction, over the first proceeding.

A.  Law of the Case








As a
preliminary matter, we note that Appellant=s
arguments in this appeal are very similar to those from his prior appeal of the
denial of his writ of habeas corpus.  AUnder
the law of the case doctrine, an appellate court=s
resolution of a question of law in a previous appeal of the same case will
govern the disposition of the same issue when raised in a subsequent appeal.@  Zavala v. State, 956 S.W.2d 715, 718
(Tex. App.CCorpus
Christi 1997, no pet.); see also Ware v. State, 736 S.W.2d 700, 701
(Tex. Crim. App. 1987) (A[W]hen the facts and legal
issues in a case on appeal are virtually identical with those in a previous
appeal in which the legal issues were resolved[,] then logic and reason dictate
that the appeals be viewed as the same case.@).  However, the reconsideration or further
consideration of an issue on a second appeal is a matter of discretion.  See Ex parte Granger, 850 S.W.2d 513,
516 (Tex. Crim. App. 1993); Peden v. State, 917 S.W.2d 941, 956 (Tex.
App.CFort
Worth 1996, pet. ref=d).  In this case, although we reach the same
conclusion we reached when we affirmed the denial of Appellant=s
petition for writ of habeas corpus, we exercise our discretion to further
consider Appellant=s arguments because they
present important questions of Texas law.

B.  Applicable Law

The
Double Jeopardy Clause of the United States Constitution provides that no
person shall be subjected to twice having life or limb in jeopardy for the same
offense.  U.S. Const. amend. V.  Generally, this clause protects against (1) a
second prosecution for the same offense after acquittal, (2) a second
prosecution for the same offense after conviction, and (3) multiple punishments
for the same offense.  Brown v. Ohio,
432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex parte Herron, 790
S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh=g).








Jeopardy
attaches in a bench trial when both sides have announced ready and the defendant
has entered his plea.  Ortiz v. State,
933 S.W.2d 102, 105B06 (Tex. Crim. App. 1996); State
v. Torres, 805 S.W.2d 418, 420B21
(Tex. Crim. App. 1991).  But a subsequent
prosecution for the same offense is not jeopardy-barred when the initial
conviction was obtained in the absence of jurisdiction because such a
conviction is a nullity, and jeopardy does not attach.  Hoang v. State, 872 S.W.2d 694, 697B98
(Tex. Crim. App. 1993), cert. denied, 513 U.S. 863 (1994); Nassar v.
State, 797 S.W.2d 318, 319B20
(Tex. App.CCorpus
Christi 1990, pet. ref=d); see Houston v. State,
556 S.W.2d 345, 347 (Tex. Crim. App. 1977). 
Further, double jeopardy principles do not forbid multiple trials of a
single criminal charge if the first trial resulted in a mistrial that:  (1) was justified under the manifest
necessity doctrine; or (2) was requested or consented to by the defense, absent
prosecutorial misconduct which forced the mistrial.  Ex parte Washington, 168 S.W.3d 227,
235B36
(Tex. App.CFort
Worth 2005, orig. proceeding).  A
mistrial declared because of a jurisdictional defect in the indictment is one
example of manifest necessity.  See
Illinois v. Somerville, 410 U.S. 458, 467B69,
93 S. Ct. 1066, 1072B73 (1973); McClendon v.
State, 583 S.W.2d 777, 779 (Tex. Crim. App. 1979).

C.  Discussion

Appellant
argued at the April 27, 2006 sentencing hearing that the district court did
not have jurisdiction over the first proceeding because the indictment did
not allege a felony.  On appeal,
Appellant argues the district court did have jurisdiction because the
substantively defective indictment vested the district court with jurisdiction
and the district court retained jurisdiction over the lesser-included
misdemeanor offense the indictment actually alleged.

1.  Jurisdiction of the 271st District Court








The
Texas constitution grants exclusive, appellate, and original jurisdiction to
district courts over all cases except those cases where exclusive, appellate,
or original jurisdiction is granted to another court.  Tex. Const. art. V, ' 8;
Tex. Gov=t
Code Ann. ' 24.007
(Vernon 2004).  Relevant to this case,
the code of criminal procedure provides that district courts Ahave
original jurisdiction in criminal cases of the grade of felony.@  Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon
2005); see also Puente v. State, 71 S.W.3d 340, 343 (Tex. Crim. App.
2002) (AA
district court has jurisdiction over felony offenses.  It does not have jurisdiction over
misdemeanor charges, except those involving official misconduct.@).  The code of criminal procedure also states
that county courts have Aoriginal jurisdiction of all
misdemeanors of which exclusive original jurisdiction is not given to the
justice court, and when the fine to be imposed shall exceed five hundred
dollars.@  Tex. Code Crim. Proc. Ann. art. 4.07.  Because there is no statute granting the
271st District Court concurrent jurisdiction with a county court over
misdemeanor cases, the 271st District Court only has jurisdiction over
felonies.  Cf. Tex. Gov=t Code
Ann. ' 24.910(c)
(Vernon 2004) (giving Tarrant County Criminal District Courts Aconcurrent
original jurisdiction with the county criminal courts over misdemeanor cases@).

2.      The
district court did not have jurisdiction over the first proceeding                 because
the indictment did not allege a felony

 








Appellant
first contends the district court had jurisdiction over the first proceeding
because even a substantively defective indictment vests a trial court with
jurisdiction.  See, e.g., Ex
parte Morris, 800 S.W.2d 225, 227 (Tex. Crim. App. 1990) (orig. proceeding);
Ex parte Gibson, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) (orig.
proceeding); Rodriguez v. State, 799 S.W.2d 301, 303 (Tex. Crim. App.
1990); Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990).  Although this legal proposition is facially
correct, it does not apply to this case. 
As the court of criminal appeals stated in Tamez v. State,

when
prior convictions are used to elevate what would otherwise be a misdemeanor
offense to the level of a felony, they must be pled in the indictment for the
trial court to gain jurisdiction. . . . [J]urisdiction vests when the
pleadings are submitted to the trial court and contain the requisite number of
previous convictions.

 

11 S.W.3d 198, 201 (Tex.
Crim. App. 2000) (emphasis added) (citing Turner v. State, 636 S.W.2d
189, 196 (Tex. Crim. App. 1980), and Gant v. State, 606 S.W.2d 867, 871
(Tex. Crim. App. [Panel Op.] 1980)). 
Here, Appellant=s first indictment alleged
only one prior DWI conviction, but two prior DWI convictions are necessary to
enhance a DWI to a third-degree felony.  See
Tex. Penal Code Ann. ' 49.09(b).  Because the indictment did not allege the Arequisite
number of previous convictions,@ the
indictment alleged only a misdemeanor and jurisdiction over the first
proceeding never vested in the district court. 
Tamez, 11 S.W.3d at 201.








Citing
Ex parte Sparks, Appellant next contends the district court had
jurisdiction over the first proceeding because a district court retains
jurisdiction over a lesser-included misdemeanor when the State fails to prove
the felony alleged in the indictment.  See
206 S.W.3d 680, 682 (Tex. Crim. App. 2006) (orig. proceeding).  In Sparks, the court of criminal
appeals held: AThe
indictment in this case alleged misdemeanor DWI, enhanced to a felony by two
prior DWI convictions.  This pleading
invoked the jurisdiction of the district court for the felony that was alleged,
and that jurisdiction extended to the misdemeanor offenses that were included
in the indictment.@  Id. (discussing Tex. Code Crim. Proc.
Ann. art. 4.06 (Vernon 2005)); see also Jones v. State, 502 S.W.2d 771,
773B74
(Tex. Crim. App. 1973) (holding district court did not lose jurisdiction when
State proved only lesser-included misdemeanor of indicted felony).

Sparks is
distinguishable, however, because the face of Sparks=s
indictment actually alleged a felony offense over which the district court had
jurisdiction (a misdemeanor enhanced to a felony by two prior DWI convictions)
whereas the face of Appellant=s
indictment alleged only a class B misdemeanor over which the district court did
not have jurisdiction (a misdemeanor enhanced by only one prior DWI
conviction).  See Sparks, 206
S.W.3d at 682.[3]  Here, the State could have proven every
allegation in Appellant=s indictment but would have
proven only a class B misdemeanor because the indictment alleged only one prior
DWI conviction.  See Tex. Penal
Code Ann. ' 49.09(a),
(b)(2).  Thus, the face of Appellant=s
indictment did not allege a felony, and the district court never acquired
jurisdiction over the first proceeding.  See
Tamez, 11 S.W.3d at 201.

3.      Jeopardy does not bar the second proceeding








Jeopardy
does not bar a second proceeding when the first proceeding ended in a mistrial
that was justified by a manifest necessity. 
Ex parte Washington, 168 S.W.3d at 235B36.  And a jurisdictional defect in the indictment
is one example of manifest necessity.  See
Somerville, 410 U.S. at 467B69,
93 S. Ct. at 1072B73; McClendon, 583
S.W.2d at 779.  In this case, the
indictment in the first proceeding did not allege a felony, creating a
jurisdictional defect.  And this
jurisdictional defect in the indictment created manifest necessity.  See Somerville, 410 U.S. at 467B69,
93 S. Ct. at 1072B73; McClendon, 583
S.W.2d at 779 (recognizing jurisdictional defect in an indictment as
constituting manifest necessity). 
Therefore, the trial court did not err by sua sponte declaring a
mistrial and dismissing the first proceeding for lack of jurisdiction.  We overrule Appellant=s
first point.

Further,
it is immaterial that Appellant had pleaded guilty before the trial court sua
sponte declared a mistrial. 
Appellant=s guilty plea in the first
proceeding was void because the trial court did not have jurisdiction over the
first proceeding.  See Ex parte McCain,
67 S.W.3d 204, 210 (Tex. Crim. App. 2002) (defining void convictions as Athose
in which the trial court lacked jurisdiction over the person or subject matter
or in which the trial judge lacked qualification to act in any manner@
(emphasis added)).  And Aa
void judgment of conviction does not bar a successive prosecution for the same
offense under State or federal principles of double jeopardy.@  Hoang, 872 S.W.2d at 698.  Because the trial court lacked jurisdiction,
jeopardy did not attach.  Id.  We overrule Appellant=s
second point.








IV. 
Conclusion

Having
overruled each of Appellant=s
points, we affirm the trial court=s
judgment.     

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

PUBLISH

 

DELIVERED:  April 15, 2010











[1]See Tex. Penal Code Ann.
' 49.04(a) (Vernon
2003); id. ' 49.09(b) (Vernon Supp.
2009).





[2]Driving while
intoxicated under penal code section 49.04 is a class B misdemeanor.  Tex. Penal Code Ann. ' 49.04(a).  However, a DWI is a class A misdemeanor if
the State proves at trial that the defendant had one prior DWI conviction and
is a third-degree felony if the State proves at trial that the defendant had
two prior DWI convictions.  Id. ' 49.09(a), (b)(2). 





[3]Jones is similarly
distinguishable.  The face of the
indictment alleged a felony offense.  Jones,
502 S.W.2d at 773.  Had the State proven
that Jones possessed at least four ounces of marijuana, Jones would have been
guilty of a felony.  Id.  Because the State proved only that Jones
possessed less than four ounces of marijuana, he was guilty only of a
misdemeanor, but the trial court retained jurisdiction because the failure was
one of evidence rather than the allegations in the indictment.  Id. at 773B74.