

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-481-CR

ROBERT JOHN GALLEMORE                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

## OPINION

------------

## I. Introduction

We must decide in this appeal whether double jeopardy bars retrial of a defendant when, following the defendant's guilty plea, the trial court granted a mistrial and dismissed the case because of an alleged jurisdictional defect in the indictment. We hold that, under the circumstances presented by this case, the answer is "no." Accordingly, we affirm the trial court's judgment.

## II.  Background

A grand jury originally indicted Appellant Robert John Gallemore for felony driving while intoxicated[1] on December 14, 2005, and Appellant entered an open plea of guilty in the 271st District Court of Wise County, Texas, on March 24, 2006. The trial court accepted Appellant's plea, found him guilty, and set a hearing to consider punishment.

At the April 27, 2006 sentencing hearing, both sides presented evidence and closed, but before the trial court sentenced Appellant, his attorney told the judge he had "some argument" and proceeded to contend that the State had failed to plead and prove a felony offense.  Appellant's counsel pointed out that one of the offenses alleged as a prior offense in the indictment was actually a subsequent offense. Thus, Appellant's attorney argued that the indictment alleged only a misdemeanor offense,[2] that Appellant pleaded guilty only to a misdemeanor offense, and that the trial court did not have jurisdiction over the case.  However, Appellant did not request dismissal and instead asked only that he be subject to the lesser punishment range for misdemeanor DWI with a maximum punishment of one year's imprisonment.  The

---

[1]... *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003); *id.* § 49.09(b) (Vernon Supp. 2009).

[2]... Driving while intoxicated under penal code section 49.04 is a class B misdemeanor.  Tex. Penal Code Ann. § 49.04(a).  However, a DWI is a class A misdemeanor if the State proves at trial that the defendant had one prior DWI conviction and is a third-degree felony if the State proves at trial that the defendant had two prior DWI convictions.  *Id.* § 49.09(a), (b)(2).

2

trial court ordered the parties to brief the issue, and on May 4, 2006, the trial court sent a letter to the parties that stated, in relevant part, "the Court is of the opinion that it is without jurisdiction, declares a mistrial, and finds that dismissal for lack of jurisdiction would be in order." The trial court signed an order on May 30, 2007, formally declaring a mistrial and dismissing the case for lack of jurisdiction.

In the meantime, on May 26, 2006, the State reindicted Appellant for the instant DWI and alleged prior DWI convictions dated November 8, 2000, and February 9, 1998, to enhance the DWI to a third-degree felony. The new indictment also contained a habitual offender paragraph that alleged prior convictions for a third DWI and a robbery. Appellant filed a "Special Plea of Former Jeopardy" in the reindicted case, which the trial court denied on June 27, 2007.

On April 2, 2008, Appellant filed a "Petition for Writ of Habeas Corpus Double Jeopardy" in which he alleged that prosecution under the reindicted case was barred. Specifically, Appellant alleged that (1) jeopardy had attached in the former proceeding because Appellant had already entered his guilty plea and (2) there was no manifest necessity for declaring a mistrial. The trial court denied the requested relief on April 30, 2008. Appellant appealed the denial of his petition for habeas corpus to this court, and this court affirmed the trial court's order. *See Ex parte Gallemore*, No. 02-08-00154-CR, 2008 WL 2780667, at *2 (Tex. App.—Fort Worth July 17, 2008, orig. proceeding) (mem. op., not designated for publication) (holding jeopardy did not bar second proceeding when district court did not have jurisdiction

3

over first proceeding).   On November 5, 2008, Appellant again entered an open plea of guilty to felony DWI.   The trial court found Appellant guilty, found the enhancement paragraphs to be true, and sentenced Appellant to twenty-five years' imprisonment.  This appeal followed.

### III. Analysis

Appellant argues in two points that the trial court erred by declaring a mistrial in the first proceeding because there was no manifest necessity to declare a mistrial and that double jeopardy bars the second proceeding.   Each point concerns the 271st District Court's jurisdiction, or lack of jurisdiction, over the first proceeding.

### A.  Law of the Case

As a preliminary matter, we note that Appellant's arguments in this appeal are very similar to those from his prior appeal of the denial of his writ of habeas corpus. "Under the law of the case doctrine, an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a subsequent appeal." *Zavala v. State*, 956 S.W.2d 715, 718 (Tex. App.—Corpus Christi 1997, no pet.); *see also Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) ("[W]hen the facts and legal issues in a case on appeal are virtually identical with those in a previous appeal in which the legal issues were resolved[,] then logic and reason dictate that the appeals be viewed as the same case.").   However, the reconsideration or further consideration of an issue on a second appeal is a matter of discretion.  *See Ex parte Granger*, 850 S.W.2d 513,

4

516 (Tex. Crim. App. 1993); *Peden v. State*, 917 S.W.2d 941, 956 (Tex. App.—Fort Worth 1996, pet. ref'd). In this case, although we reach the same conclusion we reached when we affirmed the denial of Appellant's petition for writ of habeas corpus, we exercise our discretion to further consider Appellant's arguments because they present important questions of Texas law.

## B. Applicable Law

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. Const. amend. V. Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g).

Jeopardy attaches in a bench trial when both sides have announced ready and the defendant has entered his plea. *Ortiz v. State*, 933 S.W.2d 102, 105–06 (Tex. Crim. App. 1996); *State v. Torres*, 805 S.W.2d 418, 420–21 (Tex. Crim. App. 1991). But a subsequent prosecution for the same offense is not jeopardy-barred when the initial conviction was obtained in the absence of jurisdiction because such a conviction is a nullity, and jeopardy does not attach. *Hoang v. State*, 872 S.W.2d 694, 697–98 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 863 (1994); *Nassar v. State*, 797 S.W.2d 318, 319–20 (Tex. App.—Corpus Christi 1990, pet. ref'd); *see*

5

*Houston v. State*, 556 S.W.2d 345, 347 (Tex. Crim. App. 1977). Further, double jeopardy principles do not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1) was justified under the manifest necessity doctrine; or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. *Ex parte Washington*, 168 S.W.3d 227, 235–36 (Tex. App.—Fort Worth 2005, orig. proceeding). A mistrial declared because of a jurisdictional defect in the indictment is one example of manifest necessity. *See Illinois v. Somerville*, 410 U.S. 458, 467–69, 93 S. Ct. 1066, 1072–73 (1973); *McClendon v. State*, 583 S.W.2d 777, 779 (Tex. Crim. App. 1979).

## C. Discussion

Appellant argued at the April 27, 2006 sentencing hearing that the district court *did not* have jurisdiction over the first proceeding because the indictment did not allege a felony. On appeal, Appellant argues the district court *did* have jurisdiction because the substantively defective indictment vested the district court with jurisdiction and the district court retained jurisdiction over the lesser-included misdemeanor offense the indictment actually alleged.

### 1. Jurisdiction of the 271st District Court

The Texas constitution grants exclusive, appellate, and original jurisdiction to district courts over all cases except those cases where exclusive, appellate, or original jurisdiction is granted to another court. Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.007 (Vernon 2004). Relevant to this case, the code of criminal

6

procedure provides that district courts "have original jurisdiction in criminal cases of the grade of felony." Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005); *see also Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002) ("A district court has jurisdiction over felony offenses. It does not have jurisdiction over misdemeanor charges, except those involving official misconduct."). The code of criminal procedure also states that county courts have "original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." Tex. Code Crim. Proc. Ann. art. 4.07. Because there is no statute granting the 271st District Court concurrent jurisdiction with a county court over misdemeanor cases, the 271st District Court only has jurisdiction over felonies. *Cf.* Tex. Gov't Code Ann. § 24.910(c) (Vernon 2004) (giving Tarrant County Criminal District Courts "concurrent original jurisdiction with the county criminal courts over misdemeanor cases").

**2. The district court did not have jurisdiction over the first proceeding because the indictment did not allege a felony**

Appellant first contends the district court had jurisdiction over the first proceeding because even a substantively defective indictment vests a trial court with jurisdiction. *See, e.g., Ex parte Morris*, 800 S.W.2d 225, 227 (Tex. Crim. App. 1990) (orig. proceeding); *Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) (orig. proceeding); *Rodriguez v. State*, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990);

7

*Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990). Although this legal proposition is facially correct, it does not apply to this case. As the court of criminal appeals stated in *Tamez v. State*,

> when prior convictions are used to elevate what would otherwise be a misdemeanor offense to the level of a felony, they must be pled in the indictment for the trial court to gain jurisdiction. . . . *[J]urisdiction vests when the pleadings are submitted to the trial court and contain the requisite number of previous convictions*.

11 S.W.3d 198, 201 (Tex. Crim. App. 2000) (emphasis added) (citing *Turner v. State*, 636 S.W.2d 189, 196 (Tex. Crim. App. 1980), and *Gant v. State*, 606 S.W.2d 867, 871 (Tex. Crim. App. [Panel Op.] 1980)). Here, Appellant's first indictment alleged only one prior DWI conviction, but two prior DWI convictions are necessary to enhance a DWI to a third-degree felony. *See* Tex. Penal Code Ann. § 49.09(b). Because the indictment did not allege the "requisite number of previous convictions," the indictment alleged only a misdemeanor and jurisdiction over the first proceeding never vested in the district court. *Tamez*, 11 S.W.3d at 201.

Citing *Ex parte Sparks*, Appellant next contends the district court had jurisdiction over the first proceeding because a district court retains jurisdiction over a lesser-included misdemeanor when the State fails to prove the felony alleged in the indictment. *See* 206 S.W.3d 680, 682 (Tex. Crim. App. 2006) (orig. proceeding). In *Sparks*, the court of criminal appeals held: "The indictment in this case alleged misdemeanor DWI, enhanced to a felony by two prior DWI convictions. This *pleading* invoked the jurisdiction of the district court for the felony that was alleged,

8

and that jurisdiction extended to the misdemeanor offenses that were included in the indictment." *Id.* (discussing Tex. Code Crim. Proc. Ann. art. 4.06 (Vernon 2005)); *see also Jones v. State*, 502 S.W.2d 771, 773–74 (Tex. Crim. App. 1973) (holding district court did not lose jurisdiction when State proved only lesser-included misdemeanor of indicted felony).

*Sparks* is distinguishable, however, because the face of Sparks's indictment actually alleged a felony offense over which the district court had jurisdiction (a misdemeanor enhanced to a felony by two prior DWI convictions) whereas the face of Appellant's indictment alleged only a class B misdemeanor over which the district court did not have jurisdiction (a misdemeanor enhanced by only one prior DWI conviction). *See Sparks*, 206 S.W.3d at 682.[3] Here, the State could have proven every allegation in Appellant's indictment but would have proven only a class B misdemeanor because the indictment alleged only one prior DWI conviction. *See* Tex. Penal Code Ann. § 49.09(a), (b)(2). Thus, the face of Appellant's indictment did not allege a felony, and the district court never acquired jurisdiction over the first proceeding. *See Tamez*, 11 S.W.3d at 201.

### 3.    Jeopardy does not bar the second proceeding

---

[3] *... Jones* is similarly distinguishable. The face of the indictment alleged a felony offense. *Jones*, 502 S.W.2d at 773. Had the State proven that Jones possessed at least four ounces of marijuana, Jones would have been guilty of a felony. *Id.* Because the State proved only that Jones possessed less than four ounces of marijuana, he was guilty only of a misdemeanor, but the trial court retained jurisdiction because the failure was one of evidence rather than the allegations in the indictment. *Id.* at 773–74.

9

Jeopardy does not bar a second proceeding when the first proceeding ended in a mistrial that was justified by a manifest necessity. *Ex parte Washington*, 168 S.W.3d at 235–36. And a jurisdictional defect in the indictment is one example of manifest necessity. *See Somerville*, 410 U.S. at 467–69, 93 S. Ct. at 1072–73; *McClendon*, 583 S.W.2d at 779. In this case, the indictment in the first proceeding did not allege a felony, creating a jurisdictional defect. And this jurisdictional defect in the indictment created manifest necessity. *See Somerville*, 410 U.S. at 467–69, 93 S. Ct. at 1072–73; *McClendon*, 583 S.W.2d at 779 (recognizing jurisdictional defect in an indictment as constituting manifest necessity). Therefore, the trial court did not err by *sua sponte* declaring a mistrial and dismissing the first proceeding for lack of jurisdiction. We overrule Appellant's first point.

Further, it is immaterial that Appellant had pleaded guilty before the trial court *sua sponte* declared a mistrial. Appellant's guilty plea in the first proceeding was void because the trial court did not have jurisdiction over the first proceeding. *See Ex parte McCain*, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002) (defining void convictions as "those in which the trial court lacked jurisdiction over the person or subject matter or in which the trial judge lacked qualification to act in any manner" (emphasis added)). And "a void judgment of conviction does not bar a successive prosecution for the same offense under State or federal principles of double jeopardy." *Hoang*, 872 S.W.2d at 698. Because the trial court lacked jurisdiction, jeopardy did not attach. *Id.* We overrule Appellant's second point.

10

## IV. Conclusion

Having overruled each of Appellant's points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

PUBLISH

DELIVERED:  April 15, 2010