# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

DARREL BURDITT,

Plaintiff-Appellant

v.

JUDGE DANIEL LEEDY, et al.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1070

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Darrel Burditt appeals the dismissal of his claims to set aside his plea of *nolo contendre* to driving without a license. We AFFIRM.

Burditt filed claims under 42 U.S.C. §§ 1983 and 1985 against Austin County Court at Law Judge Daniel Leedy and against Assistant District

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Attorney Brandy Davidson in their individual capacities.  Additional claims against District Attorney Travis Koehn in his official capacity have been abandoned on appeal.  Burditt claims the county court lacked jurisdiction to enter judgment on his plea of *nolo contendre*, and that, for this reason, Leedy and Davidson conspired to commit a fraud on the court by accepting the plea.

The *Rooker-Feldman* doctrine bars federal courts from entertaining collateral attacks on state-court judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)(discussing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923)).  Such attacks will be considered only when a state judgment is void.  *Shepherd*, 23 F.3d at 925.  In Texas, a judgment is void only if the court rendering judgment lacked jurisdiction over the case.  *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (citations omitted).

In Texas, county courts have exclusive jurisdiction over "misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less."  TEX. GOV'T CODE § 26.045(a).  Burditt was charged with a Class B misdemeanor carrying a maximum fine of $2,000.  Therefore, the county court had exclusive jurisdiction over his case and properly entered judgment on his plea.  Moreover, the fact that Burditt ultimately pled guilty to a Class C misdemeanor is irrelevant.  *See Jones v. State*, 502 S.W.2d 771, 774 (Tex. Crim. App. 1973).  Even if it were relevant, the county court would still have had jurisdiction over Burditt's case, although not exclusive jurisdiction.  *See* TEX. CODE CRIM. P. art. 4.07.

Because Burditt's conviction constituted a valid state-court judgment, the district court was barred from considering Burditt's collateral attack on that judgment and properly dismissed his claims.  AFFIRMED.